UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL GRAY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF ST. LOUIS, et al., )<br>)<br>Defendants. ) | Case No. 4:18-cv-01678-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Darryl Gray's Motion for Leave to File Under Seal. Doc. [130]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

On September 1, 2023, Plaintiff filed a motion for leave to file under seal. Doc. [130]. He requests the Court seal his response to Defendant's Motion for Summary Judgment and 60 supporting exhibits. The exhibits include "numerous personnel files, disciplinary documents, and records of use of force." Doc. [130] at 1. Plaintiff "does not believe that most of these records need be filed under seal," but, "the City of St. Louis has designated these documents as confidential." *Id*. Plaintiff states that he will meet and confer with Defendant to see if "the parties can agree upon proposed redacted documents." *Id*. at 1-2. On September 7, 2023, Plaintiff filed a motion for seven-day extension to file redactions. Doc. [135].

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Plaintiff's motion does not comply with Eastern District of Missouri Local Rule 13.05. The proponent of sealing must file an unsealed motion for sealing that generally describes "the

material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D.Mo. L.R. 13.05(A)(4)(a). The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i). The fact that the relevant information is designated as confidential by a protective order is "relevant to, but not dispositive of," the Court's sealing decision. *Id.* at 13.05(A)(3).

Plaintiff's memorandum supporting sealing, Doc. [131], does not provide a factual or legal basis to justify sealing. Because the Court decides motions for leave to file under seal "in light of the relevant facts and circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), lack of admissible evidence alone constitutes a basis for denying the motion. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d. 977, 981 (D. Minn. 2016) ("Defendants assert that the information they redacted constitutes 'confidential and sensitive business and personnel information' . . . . But Defendants make no effort to support these bare assertions with any evidence."). Plaintiff's only justification for sealing is that Defendant "has designated these documents as confidential." Doc. [130] at 1. Plaintiff does not give "specific legal and factual reasons justifying the sealing." E.D.Mo. L.R. 13.05(A)(4)(b)(i).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Darryl Gray's Motion for Leave to File Under Seal, Doc. [130], is **DENIED** without prejudice for failure to comply with E.D.Mo. L.R. 13.05.

**IT IS FURTHER ORDERED** that Plaintiff Darryl Gray's Motion for Extension of Time to File Redacted Documents, Doc. [135], is **DENIED as moot**.

**IT IS FINALLY ORDERED** that this Order is stayed for fourteen (14) days to allow for appeal, withdrawal of the sealed documents from the docket, or filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05. *See* E.D.Mo. L.R. 13.05(A)(4)(g). Barring one of the above, the Clerk is ordered to unseal Docs. [131-1] through [131-62], effective September 23, 2023.

Dated this 8th day of September, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE