**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRYL GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-CV-01678-SEP |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MOTION FOR LEAVE TO FILE UNDER SEAL</u>

Pursuant to L.R. 13.05 and this Court's Order of September 8, 2023, Plaintiff Darryl Gray brings this Motion to Seal. In support, Mr. Gray states as follows:

1. On September 1, 2023, Plaintiff filed a Motion to Seal, a Memorandum in Support of Sealing, and more than 60 exhibits which comprised his response to Defendants' Motion for Summary Judgment.

2. In the Motion (ECF No. 130), Plaintiff requested that his Motion to Seal be granted temporarily. ECF No. 130 at Paragraph 3.

3. The summary judgment filings to be filed under seal consist of the following items:

   a. Mr. Gray's Exhibits in Support of his Material Facts.

   b. Mr. Gray's Response to City's Material Facts and Additional Material Facts.

   c. Mr. Gray's Opposition to Defendant City of St. Louis's Motion for Summary Judgment.

4. Many of the documents which are exhibits in support of Mr. Gray's Additional Material Facts are personnel records and internal affairs records which Defendants have marked as confidential. In addition, several items mention health or addiction

issues. Mr. Gray's opposition brief and material facts also reference these issues at points.

5. On September 8, 2023, this Court denied Mr. Gray's Motion to seal. ECF No. 130.

6. In the past week, Plaintiff has had several conversations with Defendants about their proposed sealing and redactions from Plaintiff's MSJ Opposition. Plaintiff disagrees with many of the designations of Defendants, and has had multiple emails and phone calls over the last week to discuss these issue. However, Plaintiff is in a bind: he is not the "proponent" of sealing (according to L.R. 13.05) in the case of most of these disputed issues, however he needs to submit these documents to the Court in order to prove his case.

7. According to Plaintiff's reading of L.R. 13.05, within three business days after the filing of this Motion to Seal, Plaintiff is to file either a redacted version of the document or a sealed memorandum explaining why he is unable to file a redacted version of the document. L.R. 13.05 (A)(4)(c). In addition, seven days from the day of this filing, Defendants will be able to propose their opposition to Plaintiff's filing.

8. Plaintiff plans to file, within three business days, a <u>sealed memorandum</u> with his proposals for which items he believes should be a) unsealed, b) sealed, or c) redacted, with an emphasis on the items which Defendants believe should be sealed and which Plaintiff believes should not be sealed. Plaintiff's proposed redactions will be provided under seal because Plaintiff believes that his proposed redactions are likely to be disputed by Defendants.

9. If this Court would prefer that Mr. Gray resolve this issue with a telephonic conference with the Court and the parties, or by other means, Plaintiff is amenable to alternative proposals.

10. This Court will grant motions to seal "upon a showing of good cause." *Long v. Gyrus Acmi,* Inc., No. 4:18-cv-00004, 2021 U.S. Dist. LEXIS 94185, *2-3 (E.D. Mo. May 18, 2021); see *also Ware v. St. Louis City Justice Ctr*., 2020 U.S. Dist. LEXIS 230840, *34-35 (E.D. Mo. Dec. 9, 2020) (granting motion to seal upon showing of good cause).

11. While the local rule pertaining to motions to seal was recently revised, see *Long*, 2021 U.S. Dist. LEXIS 94185, at *3; see also E.D. Mo. L.R. 13.05(A)(2), the Rule still "recognizes the right of parties in cases to seek the filing under seal of material and information lawfully kept confidential in civil and criminal cases," E.D. Mo. L.R. 13.05(A)(2). A showing of good cause remains the standard for granting a motion to seal. See *Long*, 2021 U.S. Dist. LEXIS 94185, at *4 (granting motion to seal for good cause under the new standard set out by the revised Rule).

12. This Court has found "good cause" and sealed documents when they contain information marked "confidential" under a protective order. *See, e.g., Wood v. Robert Bosch Tool Corp.*, No. 4:13cv01888, 2016 U.S. Dist. LEXIS 165612, *29 (E.D. Mo. Nov. 20, 2016) (granting motion to seal transcripts that were marked "confidential"); *Duvall v. EcoQuest Int'l, Inc.*, No. 4:06 CV 1168, 2008 U.S. Dist. LEXIS 91843, at *14 (E.D. Mo. Nov. 12, 2008) (filing documents under seal where they were marked "confidential" pursuant to a protective order). Here, as set forth above, the Opposition Documents Plaintiffs seek to file under seal have been marked as "Confidential" by

Defendant under the Consent Protective Order or reference such documents marked as "Confidential," and the Consent Protective Order states that such Documents shall be disclosed only to highly restricted categories of individuals. (ECF No. 98 ¶5(b)). Further, as also set forth above, the Opposition relies upon these Confidential Documents.

13. Given the foregoing, Plaintiff believes that he has shown good cause to justify the filing of documents, the vast majority of which he believes should be sealed only temporarily—that is, until this Court's order regarding the sealing status of the disputed documents.

WHEREFORE, Plaintiff respectfully requests the Court grant his Motion to Seal.

Dated: September 22, 2023

**KHAZAELI WYRSCH LLC**

*/s/ John M. Waldron*
Javad M. Khazaeli, 53735MO
James R. Wyrsch, 53197MO
John M. Waldron, 70401MO
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
javad.khazaeli@kwlawstl.com
james.wyrsch@kwlawstl.com
jack.waldron@kwlawstl.com

***Attorneys for Plaintiffs***