# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRYL GRAY, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:18-cv-01678-SEP |
| CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Exclude Plaintiff's Expert, Doc. [103]. For the reasons set forth below, the motion is granted in part.

### FACTS AND BACKGROUND

Rev. Darryl Gray is suing the City of St. Louis and two St. Louis Metropolitan Police Department (SLMPD) detectives—Ronald Vaughan and Larry Wentzel—for violating his First and Fourth Amendment rights, as well as a variety of state law torts. To support his constitutional claims, Rev. Gray hired Mr. Greg Meyer to give his expert opinion on some of the issues in the case. *See* Doc. [104-1]. Mr. Meyer has "47 years of law enforcement experience," including "33 years as a police tactics and procedures consultant." *Id*. at 2. His expert report sets out his extensive experience in law enforcement, and Defendants do not challenge his qualifications. Instead, Defendants move to exclude five opinions in Mr. Meyer's report as unreliable and not helpful to the jury.[1] *See* Doc. [104].

### LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

---

[1] Mr. Meyer's report includes a sixth opinion that Defendants do not discuss in their briefing. *See* Doc. [104-1] at 16. Accordingly, the Court will not consider that opinion in this Order.

> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Under Rule 702, the trial court has gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).

The Supreme Court recently amended Rule 702 to "clarify and emphasize" that a "preponderance of the evidence standard" applies to the admissibility of expert testimony. Fed. R. Evid. 702, Notes of Advisory Committee on 2023 amendment. "[E]xpert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *Id*.

## DISCUSSION

Defendants move to exclude five opinions in Mr. Meyer's report. Opinions 1, 4, and 5 apply to the claims against Defendants Vaughan and Wentzel, and Opinions 2 and 3 apply to the claims against the City.

### I.     **Opinions 2 and 3 are excluded because the City was granted summary judgment**.

Opinions 2 and 3 in Mr. Meyer's report relate to Rev. Gray's *Monell* claims against the City of St. Louis. *See* Doc. [45] ¶¶ 95-102. After the Motion to Exclude was filed, the Court granted summary judgment to the City on Rev. Gray's *Monell* claim. *See* Doc. [165]. Opinions 2 and 3 in the report are therefore excluded because they will not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

### II.    **Opinions 1, 4, and 5, are excluded in part.**

The Court decides questions of law; the jury decides questions of fact. An expert witness may testify only when it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). An expert may give an opinion that "embraces an ultimate issue," *see* Fed. R. Evid. 704(a), but it must be "a fact-based opinion," not "a statement of legal conclusion," *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (citing *Estes v. Moore*, 993 F.2d 161, 163 (8th Cir.1993) (per curiam)). Mr. Meyer's Opinions 1, 4, and 5 are all, at least in part, legal conclusions. To that extent, they must be excluded. Where Mr. Meyer's opinion properly "contextualize the evidence the jury will hear about the use of force . . . in light of the standards practiced by officers throughout the country," they are

admissible. *Sloan v. Long*, 2018 WL 1243664, at *3 (E.D. Mo. Mar. 9, 2018) (quoting *Pacheco v. Johnson*, 2017 WL 3149580, at *2 (M.D. Tenn. July 25, 2017)).

### A.  Opinion 1 is excluded because it is not helpful to a jury.

Mr. Meyer's first opinion is:

> If the "Defendants' actions violated Plaintiff's First Amendment rights to freedom of speech and freedom of assembly by interfering with Plaintiff's ability to associate freely in public and express Plaintiff's views as part of a peaceful demonstration" as described in Para. 89 of the Second Amended Complaint, then the Defendants' actions did not conform with proper contemporary law enforcement procedures.

Doc. [104-1] at 7. Defendants argue that his opinion will not be helpful to the jury because it is not based on "any specialized, scientific, or technical knowledge." Doc. [104] at 6. They claim the opinion says nothing more than "if the officers did it wrong, then they did it wrong." *Id*. at 7. The Court agrees with Defendants. Mr. Meyer's opinion as formulated in his report tells the jury only that if Defendants' conduct violated Rev. Gray's First Amendment rights, then it did not conform with contemporary law enforcement procedures. It should be obvious that law enforcement procedures do not allow officers to violate citizens' constitutional rights. If it is not, it will be after the Court instructs the jury on the law of First Amendment retaliation claims.

Unlike the opinion on the use of pepper spray, Mr. Meyer's first opinion does not provide any additional insight into police practices that might be helpful to the jury. His rationale for Opinion 1 makes that clear. The police procedures and practices he cites are a restatement of First Amendment law. *See* Doc. [104-1] at 7. Mr. Meyer does not even opine that he thinks Defendants' conduct violated the First Amendment under the circumstances. He admits that the facts are disputed, and he cannot determine who is correct. *Id*. at 6; Doc. [104-2] at 3. Therefore, his opinion is essentially that Rev. Gray's First Amendment claim can survive a motion to dismiss: If the allegations in the Complaint are true, then Defendants conduct violated the First Amendment. Because Opinion 1 will not help a jury "understand the evidence or determine a fact issue," and it has the potential to confuse the jury about law, the opinion is excluded. Fed. R. Evid. 702(a).

### B.  Opinions 4 and 5 are excluded to the extent that they state legal conclusions.

Opinions 4 and 5, though phrased differently, seem to state the same conclusion. Mr. Meyer states: (The conduct evaluated is in bold, and Meyer's conclusion is underlined.)

3

| Opinion No. 4 | Opinion No. 5 |
|---|---|
| **If Plaintiff did not push or otherwise assault or engage in pre-assault indicators** against Detective Vaughan, then Detective Vaughan's allegedly **pushing Plaintiff and using pepper spray on Plaintiff**, and Officer Wentzel's allegedly **tackling Plaintiff to the street**, <u>did not conform with SLMPD policy or contemporary law enforcement training or procedures</u>, and the resulting arrest and prosecution of the Plaintiff was false and malicious. | **If Plaintiff Gray did not assault** Detective Vaughan, then both Detective Vaughan and Officer Wentzel appear to have <u>violated SLMPD use of force policy and generally accepted police procedures</u> when Detective Vaughan **pepper-sprayed Plaintiff Gray** at extreme close range (inches); and Officer Wentzel <u>used unnecessary and unreasonable force</u> on **Plaintiff Gray when he took him to the ground.** |

The two opinions appear to analyze the same conduct and arrive at the same conclusion: If the jury believes Rev. Gray's version of the facts, then Detective Vaughan and Wentzel's actions did not comply with SLMPD policy or accepted police procedures. Opinion 4 tacks on "and the resulting arrest and prosecution of the Plaintiff was false and malicious," but Mr. Meyer's rationale focuses on the use of force, not the arrest or prosecution.

In Opinion 4, Mr. Meyer's analysis of law enforcement training is just a description of the Fourth Amendment and Supreme Court precedent. Mr. Meyer writes that police officers "are universally taught that the legal standard used to determine the lawfulness of a Use of Force is the Fourth Amendment," as articulated by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). Doc. [104-1] at 13. Mr. Meyer then opines on whether Defendants' use of force was reasonable in light of the factors set forth in *Graham*. *See id*. at 14-15. In his rationale for Opinion 5, Mr. Meyer goes into more detail about SLMPD policy and accepted police procedure on the use of pepper spray but provides no analysis for his opinion that "Officer Wentzel used unnecessary and unreasonable force on Plaintiff Gray when he took him to the ground." *Id*. at 15-16.

"The Eighth Circuit, and district courts within the Eighth Circuit, have repeatedly found that an expert's opinion about whether an officer's conduct was 'reasonable' in light of constitutional standards is a legal conclusion that does not assist the jury in determining the facts and is thus inadmissible." *Ball-Bey v. Chandler*, 2023 WL 5173976, at *4-*5 (E.D. Mo. Aug. 10, 2023) (collecting cases). To the extent that Opinions 4 and 5 state that Defendants' conduct was "unreasonable" or "unnecessary," they are legal conclusions and must be excluded. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) ("[Expert's] report consisted of his opinions regarding the overall reasonableness of the procedures used and, as such, were not

4

fact-based opinions."); *Peterson*, 60 F.3d at 475 (excluding an expert's testimony that "involved only his views concerning the reasonableness of the officers' conduct in light of "Fourth Amendment standards" because "his testimony was not a fact-based opinion, but a statement of legal conclusion"). While Mr. Meyer's report states, "I do not offer legal conclusions," his opinions and the provided rationale belie that claim. Doc. [104-1] at 3; *see also Lombardo v. Saint Louis City*, 2019 WL 414773, at *8 (E.D. Mo. Feb. 1, 2019) ("[The expert] states in his report: 'I am not a lawyer. I do not offer legal conclusions.' Yet, as detailed above, he goes on to do just that—concluding in his report that the Officers' use of force was 'excessive' and 'unnecessary' and repeatedly testifying in his deposition that the Officer's actions were 'unreasonable' or did not meet 'objective reasonableness' or appropriate governmental interests." (citation omitted)). Mr. Meyer relies on the Constitution and Supreme Court precedent to form opinions on questions of law that will not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Plaintiff argues that Mr. Meyer's opinions are not legal conclusions because they provide "the jury with a framework for placing the jury's own findings in the context of national police standards and SLMPD policies." Doc. [129] at 4. Plaintiff points to two cases from this district in which police procedures experts were allowed to testify regarding "national standards" of police conduct. *See Lombardo*, 2019 WL 414773; *Sloan*, 2018 WL 1243664. In those cases, the court explained, "[t]he role of such an expert 'is to contextualize the evidence the jury will hear about the use of force by the defendant against the plaintiff, in light of the standards practiced by officers throughout the country.'" *Lombardo*, 2019 WL 414773, at *10 (quoting *Sloan*, 2018 WL 1243664, at *3). Consistent with the holdings in those cases, Mr. Meyer may provide testimony about the national and SLMPD standards for the use of pepper spray. In his rationale for Opinion 5, Mr. Meyer discusses the SLMPD's and the International Association of Chiefs of Police's (IACP) standards for pepper spray and opines that Detective Vaughan's use of pepper spray did not comply with those standards. SLMPD and IACP standards are not common knowledge for jurors, and Mr. Meyer's testimony will help contextualize the evidence the jury will hear about Detective Vaughan's use of pepper spray.

Although Mr. Meyer's report also states that Detective Wentzel's "alleged tackling [of] Plaintiff to the street[] did not conform with SLMPD policy or contemporary law enforcement training or procedures," Mr. Meyer does not provide similar insight into accepted police

5

procedure for that kind of force. Doc. [104-1] at 12. Mr. Meyer concludes, based on his description of the Fourth Amendment and *Graham v. Conner*, that Wentzel's conduct "could only be reasonable if Gray were still assaulting an officer" in Opinion 4, and "[i]f Plaintiff Gray did not assault Detective Vaughan . . . Officer Wentzel used unnecessary and unreasonable force on Plaintiff" in Opinion 5. Doc. [104-1] at 15. For the reasons explained above, those statements are impermissible legal conclusions. If Mr. Meyer had relied on SLMPD or IACP standards for uses of force like Wentzel's, or *explained* why, based on his own extensive law enforcement experience, he believes Wentzel could have used less force to control Rev. Gray, the opinion might be admissible. But without that information, the Court cannot properly assess whether the opinion satisfies Rule 702's requirements. As to Wentzel's conduct, Mr. Meyer's "report is devoid of any standards and explanations that would assist the trier of fact in contextualizing his opinions" and must be excluded. *Schmidt*, 557 F.3d at 570 (citing *United States v. Ellsworth*, 738 F.2d 333, 336 (8th Cir.1984)).

## CONCLUSION

Opinions 2 and 3 in Mr. Meyer's expert report are excluded because they will not be helpful to the jury in the absence of the *Monell* claims against the City. Opinions 1 and 4 are also excluded in their entirety because they state legal conclusions about the First and Fourth Amendment. Opinion 5 is also excluded to the extent that Mr. Meyer states a legal conclusion about Detective Wentzel's use of force against Rev. Gray. Mr. Meyer may testify about SLMPD and national police standards for the use of pepper spray, as long as he does not opine that the use of force was unreasonable or state a similar legal conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Plaintiff's Expert, Doc. [103], is granted in part.

Dated this 31st day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE